UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMES WILLIAM McCRAVEN and<br>JERMAINE ALLEN McCRAVEN,<br><br>    Plaintiffs,<br><br>    v.<br><br>F & S INVESTMENT, SCOTT SILL<br>and JOE GEMELLIN,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)  No. 4: 06-CV-1143-CEJ<br>)<br>)<br>)<br>)<br>) |

## ORDER AND MEMORANDUM

This matter is before the Court upon the application of James William McCraven for leave to commence this action without payment of the required filing fee.[1] *See* 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that the applicant is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S.

---

[1] The Court notes that two plaintiffs, James William McCraven and Jermaine Allen McCraven, are listed in the style of the case and signed the complaint. However, only James William McCraven submitted a motion for leave to proceed in forma pauperis and a financial affidavit. For this reason and because the Court will dismiss this complaint prior to service of process, the Court will strike plaintiff Jermaine Allen McCraven from the complaint.

319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Jackson Sawmill Co. v. United States*, 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 31-32 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds, Davis v. Scherer*, 468 U.S. 183 (1984).

**The complaint**

Plaintiff alleges landlord negligence, civil rights violation, slander, invasion of privacy and lying "that could have led to injurys [sic] or fatalities." According to plaintiff, defendants have slandered him regarding his failure to pay rent on time, and have negligently failed to repair and maintain the apartment in which he and his son live.

**Discussion**

To the extent that plaintiff is bringing a civil action against defendants regarding their conduct, the action is without merit because plaintiff's allegations do not indicate any basis for federal jurisdiction. Although plaintiff has used the bare phrase "civil rights violations," no factual allegations support this claim. At best, plaintiff has alleged state law contract and tort claims, which, without more, do not give this Court subject matter jurisdiction.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma

pauperis [Doc. 2] be **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff Jermaine Allen McCraven be stricken from the complaint.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief may be granted or both. *See* 28 U.S.C. § 1915(e)(2)(B).

An appropriate order shall accompany this order and memorandum.

Dated this 28th day of August, 2006.

_____
**UNITED STATES DISTRICT JUDGE**